IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Petitioner,

vs.                                                                                                                No. 18-cv-1156 JB/JHR

DWAYNE SANTISTEVAN[1], Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

      Respondents.

## ORDER DENYING FRANKLIN'S MOTION FOR RESPONDENTS TO PROVIDE ALL AUTHORITY

THIS MATTER comes before the Court on Petitioner Bryce Franklin's Motion for Respondents to Provide All Cited Authority [Doc. 17], filed September 10, 2020. Having thoroughly reviewed the parties' submissions and the relevant law, the Court denies the Motion.

### I.    BACKGROUND

On December 3, 2018, Franklin filed a habeas corpus petition under 28 U.S.C. § 2254 [Doc. 1]. Respondents answered on August 5, 2020, arguing that Franklin's § 2254 petition is subject to dismissal 1) under the abuse-of-the-writ doctrine, or alternatively, 2) because Franklin received all the process to which he was entitled with. [*See generally* Doc. 15]. Franklin replied on August 8, 2020 and addressed both the abuse-of-the-writ doctrine and the due process claim on their merits. [*See* Doc. 16, pp. 3-5 (abuse-of-the-writ doctrine); Doc. 16, pp. 5-19 (due process)].

Franklin then filed a Motion for Respondents to Provide All Cited Authority currently before the Court on September 10, 2020. [Doc. 17]. Franklin asks the Court to compel Respondents

---

[1] Dwayne Santistevan is the warden for Petitioner Bryce Franklin's current facility, Lea County Correctional Facility, and accordingly, replaces Alisha Lucero as a Respondent. [Doc. 18, p. 1, n. 1; *see* Doc. 14].

1

to provide copies of all case law cited in its response and any future pleadings. [*Id.*, p. 2]. Respondents filed a Response in Partial Opposition to Petitioner's Motion on September 23, 2020, providing several unpublished cases, including one unpublished case on the abuse-of-the-writ doctrine. [Doc. 18]. Franklin replied on October 22, 2020. [Doc. 20].

## II.      DISCUSSION

A habeas petitioner has a constitutional right to access the courts, *see Bound v. Smith*, 430 U.S. 817, 821 (1977), but the right is limited, and jails are not constitutionally obligated to supply assistance beyond the initial pleading or preparation of a petition stage. *See Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Once the petitioner gains access to the courts through a properly prepared and filed initial pleading, the courts will then be in a position to determine whether the claims have any merits and whether the issues raised are unusually complex. *Id*. Here, Franklin's underlying § 2254 petition is properly before the Court, and therefore, Respondents are not constitutionally obligated to supply additional assistance. *See Id.*

Furthermore, a petitioner's right to access the courts does not guarantee that a petitioner can litigate effectively once in court. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Even if Respondents have additional constitutional obligations, Franklin does not have a general constitutional right to copies of every case cited in a brief or opinion. *See e.g. Kriesel v. Bowen*, No. 19-cv-0992 KG/SMV, 2020 WL 6822822, at *1 (D.N.M. Nov. 20, 2020). As the parties point out, the courts, in certain circumstance, may, in its discretion, supply copies of legal authority cited to a petitioner or order Respondents to do so. *See e.g. Cox v. LNU*, 924 F. Supp. 2d. 1269, 1276-78 (D. Kan. 2013); *Lebron v. Sanders*, 557 F.3d 76, 79 (2nd Cir. 2009). The existence of discretionary authority, however, undercuts rather than supports a contention that copies are due by constitutional mandate.

The 10th Circuit reasons, in *Carper*, that jails don't have to provide assistance beyond initial pleading in part because once a petitioner gains access to the courts, the courts may, in its discretion, appoint counsel when the interests of justice require. *See* 54 F.3d at 617; 18 U.S.C. § 3006A(a)(2)(B). Franklin did not provide, nor is the Court aware of, any specific standard in deciding whether to supply copies of legal authority cited to a petitioner. Here, based on the Court's initial review of the record, Franklin appears to understand the issues in the case and to be representing himself in an intelligent and capable manner, even though he alleges that his current facility does not provide legal materials on abuse-of-the-writ doctrine nor access to online materials. [*See* Doc. 16, pp. 3-5; Doc. 17, p. 1]. More importantly, the Court can resolve Franklin's Petition on its merits without providing him access to every legal authority cited by Respondents. Therefore, the Court, in its discretion, does not find either option appropriate at this time.[2]

### III.  CONCLUSION

Because Respondents are not constitutionally obligated to provide copies of every legal authority cited, and the Court does not find it appropriate to do so at the time, the Court **denies** Franklin's Motion for Respondents to Provide All Cited Authority [Doc. 17].

Because Respondents responded in Partial Opposition to Petitioner's Motion and provided Franklin with one case on the abuse-of-the writ doctrine, Franklin may file an amended reply to Respondents' answer [Doc. 15] regarding the underlying petition [Doc. 1] within thirty (30) days of the entry of this order.

                                                                                                  _____
                                                                                                  JERRY H. RITTER
                                                                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The Court may reconsider if it later appears warranted.