IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

vs.                                                                                                                                                                                                                                     No. 18-cv-1156 JB/JHR

DWAYNE SANTISTEVAN[1], Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

    Respondents.

## AMENDED[2] PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Bryce Franklin's 28 U.S.C. § 2254 habeas corpus petition [Doc. 1], filed December 3, 2018. Pursuant to 28 U.S.C. § 636(b), presiding District Judge James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 3, p. 1]. Having thoroughly reviewed the parties' submissions and the relevant law, I find that Respondents violated Franklin's due process rights and recommend granting habeas relief.

    **I.    BACKGROUND**

Franklin was charged with possession of escape paraphernalia on January 31, 2017, while in custody. [Doc. 1, pp. 19-20]. After a prison disciplinary hearing on February 22, 2017, he was sanctioned with, among other things, a loss of 90 days earned good time. [*Id.*, p. 30]. Franklin

---

[1] Dwayne Santistevan is the warden for Petitioner Bryce Franklin's current facility, Lea County Correctional Facility, and accordingly, replaces Alisha Lucero as a Respondent. [Doc. 18, p. 1, n. 1; *see* Doc. 14].

[2] The original proposed findings and recommended disposition was amended to clarify the new prison disciplinary hearing due date.

exhausted his administrative review and filed a habeas petition in state court on April 26, 2017, alleging due process violations. [*Id.*, pp. 3, 33; Doc. 15, p. 3]. The state trial court denied relief on June 27, 2017, and the New Mexico Supreme Court denied certiorari on November 28, 2017. [Doc. 1, pp. 3, 33; Doc. 15, pp. 3-4; Doc. 15-1, p. 166]. After the New Mexico Supreme Court denied Franklin's motion for reconsideration on December 13, 2017, he filed this federal habeas petition currently before the Court on December 3, 2018. [*See generally* Doc. 1; Doc. 15-1, p. 174].

Among the sanctions imposed after the disciplinary hearing, Franklin was transferred to the Penitentiary of New Mexico to participate in the Predatory Behavior Management Program ("PBMP"). [Doc. 1, p. 1; Doc. 15, p. 3; Franklin II[3] Doc. 17, p. 2]. By September 29, 2017, he completed step one of that program and was a week before completing step two when he was "step regressed" to the beginning of step two. [Franklin II Doc. 17, p. 2]. He filed a separate state habeas petition on November 8, 2017, challenging the step regression. [*Id.*]. After dismissal by the trial court, the New Mexico Supreme Court denied certiorari on December 20, 2018. [Franklin II Doc. 12, p. 3]. Franklin filed a federal habeas petition on the step regression on December 28, 2018. [*See* Franklin II Doc. 1]. United States Senior District Judge Martha Vazquez denied that petition on November 15, 2019. [Franklin II Docs. 18-19].

For this case challenging the original disciplinary hearing process, the Court determined that the petition should be construed under 28 U.S.C. § 2241 and ordered Respondents to answer. [Doc. 12, p. 1]. Respondents answered on August 5, 2020, arguing that the petition is subject to dismissal (1) under the abuse-of-the-writ doctrine or (2) because Franklin received all the process to which he was entitled. [*See generally* Doc. 15]. Franklin replied on August 20, 2020. [Doc. 16]. On February 3, 2022, the Court ordered additional briefing on "due process violations stemming

---

[3] All citations to "Franklin II" refer to documents filed in the case: No. 1:18-cv-01239-MV-JHR.

2

from refusal to produce and review videotapes" [Doc. 28], and both parties complied. [Docs. 29, 31].

### A. Due Process

Franklin was sanctioned for possessing documents[4] deemed to be escape paraphernalia. [*See* Doc. 1, p. 30]. Among the claims, he contends that Respondents "refused to review the video footage[,] stating they 'didn[']t have to do that'", and "[t]he video footage, if reviewed, would have shown that no cell search occurred, no documents 'discovered,' and that the entire misconduct report is a complete fabrication." [Doc. 16, p. 7; Doc. 31, p. 2].

Respondents did not provide any justification for their refusal to produce and review the videotapes nor offer alternatives in lieu of access. Respondents argue the refusal must be deemed harmless because, regardless of their content, Franklin nevertheless "was not authorized to have among his belongings paperwork deemed 'security sensitive[, [*sic*] possession of which was considered to be a threat to the security of the institution.'" [Doc. 29, p. 10 (*citing* Doc. 15-1, p. 44)].

### B. Abuse-of-the-Writ

Respondents "submit that even if the petition is not second or successive," it should be dismissed under the abuse-of-the-writ doctrine. [Doc. 15, p. 5; *See* Doc. 15, pp. 7-10]. Respondents contend that Franklin abused the writ because his challenges to the charge of possession of escape of paraphernalia (current petition) and the later step regression (Franklin II) both accrued in 2017 well before the filing of either federal petition. [Doc. 15, pp. 8-9]. Respondents say that their initial showing of abuse shifted the burden to Franklin, who failed to disprove the abuse. [*Id.*, p. 8].

---

[4] A transport order, an escape flyer, and a memorandum. [Doc. 1, p. 30].

Franklin maintains that he did not abuse the writ because the factual backdrop for Franklin II happened at a different prison, resulted from different prison officials, and challenges a separate disciplinary action. [Doc. 16, p. 3]. Additionally, Franklin argues that this petition cannot be abusive because it was filed before the petition in Franklin II. [*Id.*, p. 5].

## II.     STANDARD OF REVIEW

In the Tenth Circuit, a petition that challenges the denial of good time credits constitutes a challenge to the execution of the sentence and is brought pursuant to 28 U.S.C. § 2241. *Franklin v. Lucero*, No. 20-2155, 2021 WL 4595175, at *3 (10th Cir. Oct. 6, 2021) ("Franklin III") (citing *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997)). A petitioner is entitled to relief under Section 2241 if he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal courts review § 2241 petitions *de novo*. *Franklin III*, 2021 WL 4595175, at *3 (citing *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017)).

## III.    ANALYSIS

### a.  Due Process

Prisoners possess a liberty interest in earned good time credits and thus are entitled to due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. For a disciplinary hearing involving loss of good time credits, a prisoner is only entitled to:

(1) advance written notice of the disciplinary charges;
(2) an opportunity, when consistent with institutional safety and correctional goals,

4

>    to call witnesses and present documentary evidence in his defense; and
> (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

The Tenth Circuit has recognized that the right to call witnesses and present documentary evidence may be infringed when prison officials unjustifiably refuse to produce and review videotapes. *See Howard*, 483 F.3d at 814-15; *Crosby v. Fox*, 757 F. App'x 673, 678 (10th Cir. 2018). An inmate's right to evidence may be limited if production would be unduly hazardous to institutional safety or correctional goals. *Howard*, 487 F.3d at 814. When institutional concerns dictate, the prison may provide a summary of videotape evidence in lieu of access. *Crosby*, 757 F. App'x at 678 (citing *Bogue v. Vaughn*, 439 F. App'x 700, 705 (10th Cir. 2011)).

Franklin contends that Respondents refused to produce and review the videotapes because they "didn[']t have to do that." [Doc. 16, p. 7]. Respondents did not provide any other justification for refusing access nor offer alternatives in lieu of access. Respondents did not explain why producing the requested videotapes would be unduly hazardous to institutional safety or correctional goals. Merely stating that they didn't have to do it is not a proper justification. Therefore, Franklin's right to call witnesses and present documentary evidence was infringed by the Respondents' unjustified refusal to produce and review the videotapes.

Both parties and the Court agree that this constitutional violation is subject to harmless error analysis. [*See* Doc. 29, pp. 6-8; Doc. 31, p. 4]; *Howard v. U.S. Bureau of Prisons*, No. 04-3115-RDR, 2010 WL 5392718, at * 2-3 (D. Kan. Dec. 21, 2010); *aff'd*, 434 F. App'x 731, 732-33 (10th Cir. 2011); *see also Crosby*, 757 F. App'x at 678. An error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the result obtained.

*Neder v. United States*, 527 U.S. 1, 16 (1999) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

Respondents contend that the error must be deemed harmless because Franklin nevertheless possessed security sensitive documents. [Doc. 29, p. 10]. To the contrary, Franklin asserts that production or review of the videotapes would demonstrate precisely that the charged documents were not found during the search of his cell as alleged. Franklin consistently maintains that the search preceding the discovery of the documents was a "sham," [Doc. 1, p. 16; Doc. 16, p. 7; Doc. 31, p. 1], and alleges that "[t]he video footage, if reviewed, would have shown that no cell search occurred, no documents 'discovered,' and that the entire misconduct report is a complete fabrication." [Doc. 31, p. 2]. A *pro se* litigant's pleadings are to be construed liberally. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construed liberally, Franklin contends that the videotapes will show that he did not possess the alleged security sensitive documents. Possession of escape paraphernalia under Corrections Department regulations can take various forms[5], but the allegation here was that Franklin physically possessed the offending documents, whereas Franklin contends that the videotapes will show no possession. If the videotapes portray the search in its entirety, and if that portrayal does not include the discovery of the documents, then the videotapes would be material evidence that the Respondents' version is false. Due to the importance of possession to the charge, it does not appear beyond a reasonable doubt that refusal to produce the videotapes did not contribute to Franklin's sanctions. Therefore, the constitutional violation is not harmless.

For the above reasons, I find that Respondents infringed Franklin's due process rights and

---

[5] Possession of Escape Paraphernalia is an A(13) charge that is defined as "[h]aving in possession, or receiving from or giving to another inmate, or fashioning or manufacturing, or introducing or arranging to introduce into the facility, any escape paraphernalia, including but not limited to . . ." [*See* Doc. 1, p. 19].

that the error is not harmless. Because the videotapes may support or contradict Franklin's contentions, I recommend setting aside the disciplinary adjudication and remanding the matter to the facility for a new hearing within ninety (90) days of the District Judge's Order adopting these findings. *See Johnson v. Brown*, 681 F. App'x 494, 497 (7th Cir. 2017) ("We therefore remand the case to the district court to first determine whether the video file still exists. If it does exist, [the petitioner] is entitled to disclosure . . . and a disciplinary hearing that complies with *Wolff*. If the file does not exist, [the petitioner's] good-time credit and credit-earning class must be restored."); *see also Hudson v. Ward*, 124 F. App'x 599, 601 (10th Cir. 2005) (Mentioned that the district court ordered the facility to submit an investigative report); *Gaines v. Stenseng*, No. Civ.A. 01-3405-SAC, 2005 WL 2219319, at *2 (D. Kan. Sept. 13, 2005) (Mentioned that the state trial court remanded the matter to the facility for new hearings in disciplinary actions). If the facility fails to hold a new hearing that complies with *Wolff*, I recommend restoring Franklin's good time credits.

### b. Abuse-of-the-Writ

Respondents alternatively argue that Franklin abused the writ because he filed the current petition and Franklin II separately. [Doc. 15, pp. 8-9]. "The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991). Any claim that could have been, but was not, raised in an earlier petition is presumptively an abuse of the writ unless the petition demonstrates "cause" for the failure to raise the claim earlier and "actual prejudice" resulting from the claimed error. *Daniels v. United States.*, 254 F.3d 1180, 1189-90 (10th Cir. 2001). For "cause," a petitioner may show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense." *Id.* at 1189 (internal citation omitted). For example, cause is satisfied where "the factual or legal

7

basis for a claim was not reasonably available" during earlier proceedings. *Id.* (internal citation omitted). The requirement of cause is based on the principle that the petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition. *Andrews v. Deland*, 943 F.2d 1162, 1176 (10th Cir. 1991) (citing *McCleskey*, 499 U.S. at 490).

The abuse-of-the-writ doctrine does not apply on these facts. "The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain . . . a second or subsequent petition." *McCleskey*, 499 U.S. at 470. The current petition is not "second or subsequent": it was filed in federal court before the petition that was resolved as Franklin II. *See supra* p. 2. Respondents cite three cases and argue that the sequence of filing does not matter. [Doc. 15, p. 9; *see* Doc. 15, p. 9, n. 11]. However, none of them are on point.[6] This petition is "second or subsequent" only with regard to the order in which the federal court will resolve it, a circumstance beyond the control of Franklin. "[A]buse-of-the-writ principles limit a petitioner's ability to file repetitive petitions", *McCleskey*, 499 U.S. at 483, but the first petition filed could not be repetitive.

Even if the abuse-of-the-writ doctrine could apply to first petitions, Franklin could not have included his Franklin II claims when he filed this because he had not exhausted[7] his state remedies for the Franklin II claims.[8] Even under the more stringent § 2244(b) standard, courts sometimes

---

[6] The quoted language "it is well settled that the phrase second or successive does not simply refer to all habeas applications filed second or successive in time" and "chronology here is by no means all" are out of context because all three cited cases considered whether a second in time petition is a "second or successive application" under 28 U.S.C. § 2244(d). *See Magwood v. Peterson*, 561 U.S. 320, 330-34 (2010); *Panetti v. Quarterman*, 551 U.S. 930, 942-48 (2007); *Banister v. Davis*, 140 S.Ct. 1698, 1704 (2020). None of them considered whether a first in time petition is subject to the abuse-of-the-writ doctrine.

[7] Franklin filed the current habeas petition on December 3, 2018; Franklin II was not resolved in the state courts until December 20, 2018. [Doc. 1; Franklin II Doc. 12, p. 3].

[8] To the extent that Respondents argue that Franklin should raise the underlying state petitions together, external facts

allowed a second application on newly ripened claims. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (declining to apply § 2244(b) to a second application where the District Court dismissed the first application for lack of exhaustion); *Steward v. Martinez-Villareal*, 523 U.S. 637, 654 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature). Franklin was at risk of losing federal review on this petition due to the 1-year limitation period because the New Mexico Supreme Court denied certiorari on November 28, 2017, and denied the motion for reconsideration on December 13, 2017. *See supra* p. 2. Therefore, external facts prevented him from combining the claims at the time of the filing. *See* Daniels, 254 F.3d at 1189. Furthermore, the subject matter of the two petitions is not related in any material way: this petition challenges a disciplinary sanction for possessing documents deemed to be escape paraphernalia in one prison, whereas Franklin II challenges a step regression based on an independent event in another prison. Franklin would suffer actual prejudice[9] if he is deprived of adjudication on a separate claim involving different rules and facts and seeking a different remedy. If the abuse of the writ doctrine applies, it does not prevent federal review because Franklin demonstrated cause for this independent filing and actual prejudice if review is denied.

## IV. RECOMMENDATION

For the above reasons, I **find** that Respondents violated Franklin's due process rights and

---

prevented him from combining the claims, namely, the facts underlying Franklin II had not yet occurred when the state habeas petition was filed that led to this petition. *Daniels*, 254 F.3d at 1189; [Doc. 1, pp. 3, 33 (current state habeas petition was filed on April 26, 2017); Franklin II Doc. 17, p. 2 (facts underlying Franklin II occurred on September 29, 2017)].

[9] Respondents say the test for prejudice is whether there is "actual prejudice that has substantially disadvantaged the petitioner, infecting his entire proceeding with error of constitutional dimensions." [Doc. 15, p. 8 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)] (internal citation omitted). However, this test only applies in the context of jury instructions, and *Frady* explicitly states "the term [prejudice] in other situations . . . remains an open question." 456 U.S. at 168.

**recommend** that the Court **SET ASIDE** the disciplinary adjudication and sanction and **REMAND** the matter to the facility for a new hearing within ninety (90) days of the District Judge's Order adopting these findings. If the facility fails to hold a new hearing that complies with *Wolff*, I **recommend** that the Court **RESTORE** Franklin's good time credits.

If the Court adopts these recommendations, I further recommend that Franklin's motions for evidentiary hearing [Doc. 24], to appoint counsel [Doc. 30], and for discovery [Doc. 33], be denied as moot.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**