IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

vs.                                                                       No. CIV 18-1156 JB/JHR

ALISHA LUCERO and HECTOR BALDERAS,

    Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Amended Proposed Findings and Recommended Disposition, filed May 10, 2022, (Doc. 37)("PFRD"), entered pursuant to an order of referral under 28 U.S.C. § 636(b), see Order of Reference Relating to Prisoner Cases, filed December 12, 2018 (Doc. 3); (ii) Petitioner's Objections to the Magistrate Judges [sic] Proposed Findings and Recommended Disposition [Doc. 36], filed May 18, 2022 (Doc. 38)("Petitioner's Objections"); (iii) Respondents' Objection to the Magistrate Judge's Amended Proposed Findings and Recommended Disposition, filed May 31, 2022 (Doc. 41)("Respondents' Objection"); (iv) Petitioners [sic] Motion for an Evidentiary Hearing, filed January 14, 2022 (Doc. 24)("Motion for Evidentiary Hearing I"); (v) Petitioners [sic] Motion for an Evidentiary Hearing, filed January 31, 2022 (Doc. 26) ("Motion for Evidentiary Hearing II"); (vi) Petitioners [sic] Motion for Appointment of Counsel, filed March 11, 2022 (Doc. 30); (vii) Petitioners [sic] Motion for Leave to Conduct Discovery, filed April 1, 2022 (Doc. 33)("Motion for Appointment of Counsel");  and (viii) Petitioners [sic] Motion to Strike Respondents [sic] Response to Petitioners [sic] Objections from the Record, filed August 5, 2022 (Doc. 44)("Motion to Strike").  In the PFRD, the Honorable Jerry H. Ritter, Jr., Magistrate Judge for the United States District Court for the District of New

Mexico, recommends that the Court: (i) set aside Franklin's disciplinary adjudication and sanction; and (ii) remand the matter to the facility for a new hearing.  See PFRD at 10.  Both sides timely objected.  See generally Petitioner's Objections; Respondents' Objection.

Having considered the objections and pertinent authority, the Court: (i) adopts the PFRD; (ii) overrules Petitioner's Objections (iii) overrules Respondents' Objection; (iv) denies as moot the Motion for Evidentiary Hearing I; (v) denies as moot the Motion for Evidentiary Hearing II; (vi) denies as moot the Motion for Appointment of Counsel; (vii) denies as moot the Motion for Leave to Conduct Discovery; (viii) denies the Motion to Strike; (xi) sets aside the disciplinary adjudication and sanction; and (x) remands this matter to the facility.

## BACKGROUND

On January 31, 2017, while in custody, Franklin was charged with possession of escape paraphernalia.  See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 19-20, filed December 3, 2018 (Doc. 1)("Petition").  The facility held a hearing on that charge.  Petition at 19-20.  Franklin contends that at the disciplinary hearing, the Respondents refused to produce and review videotape of his search on the sole rationale that they "didn[']t have to do that."  Petitioners [sic] Response to Respondents [sic] Answer at 7, filed August 5, 2020 (Doc. 16)("Petitioner's Reply").  After the disciplinary hearing, on February 22, 2017, the Respondents imposed sanctions, including the loss of ninety days of earned good time.  Petition at 19-20.  Franklin's Petition challenges this disciplinary hearing process.  See generally Petition.

Magistrate Judge Ritter entered a PFRD on May 10, 2022, recommending that the Court set aside the disciplinary adjudication and sanction, and remand the matter to the facility for a new hearing, because "Franklin's right to call witnesses and present documentary evidence was

infringed by the Respondents' unjustified refusal to produce and review the videotapes." PFRD at 5. Magistrate Judge Ritter added that, "[i]f the facility fails to hold a new hearing that complies with Wolff[ v. McDonnell, 418 U.S. 539 (1974)], I recommend restoring Franklin's good time credits." PFRD at 5.

**STANDARD OF REVIEW**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to recommendations from a Magistrate Judge and provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When resolving objections, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to by a party. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus

infringed by the Respondents' unjustified refusal to produce and review the videotapes." PFRD at 5. Magistrate Judge Ritter added that, "[i]f the facility fails to hold a new hearing that complies with Wolff[ v. McDonnell, 418 U.S. 539 (1974)], I recommend restoring Franklin's good time credits." PFRD at 5.

**STANDARD OF REVIEW**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to recommendations from a Magistrate Judge and provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When resolving objections, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to by a party. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held in One Parcel "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001).  See also Pevehouse v. Scibana, 229 F. App'x 795, 796

---

[1] The Federal Magistrates Act, 28 U.S.C. §§ 631-39 (1968).

(10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976); U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate judge's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearing on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of the United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard

---

[2]The Court can rely on an unpublished opinion to the extent that its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. See 151 F.R.D. 470 (10th Cir. 1993) (containing General Order of November 29, 1993); 10th Cir. R. 36.3. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision. Id.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of the Memorandum Opinion and Order.

> Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (alterations in original)(footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See One Parcel, 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential

application of waiver rule, but the Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to a Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the 28 U.S.C. § 636(b)(1) requirements when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient."  Northington v. Marin, 102

F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's PFRD, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate" Judge, 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations . . . ." United States v. Raddatz, 447 U.S. at 676. See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v.

Raddatz require).

## ANALYSIS

The Court reviews Franklin's objections, but ultimately overrules them. The Court then reviews and overrules Respondent's objection. Finally, the Court denies the other motions.

**I.     THE COURT OVERRULES FRANKLIN'S OBJECTIONS.**

On May 18, 2022, Franklin timely objected to the PFRD. See Petitioner's Objections. Respondents responded to Franklin's objections, see Response to Petitioner's Objections to the Magistrate Judge[']s Proposed Findings and Recommended Dispositions [Doc 36] [Doc. 38], filed May 31, 2022 (Doc. 42)(alteration in original), and made their own objection as well. See Respondents' Objection. In his objections, Franklin first contends that Magistrate Judge Ritter erred by not ordering the Respondents to produce the relevant videotapes before issuing his PFRD. See Petitioner's Objections at 3-5. Franklin worries that the relevant videotapes are no longer available and cites a similar case where another Magistrate Judge in the District, Magistrate Judge Robbenhaar, ordered production. See Petitioner's Objections at 2, 4-5; Franklin v. Stephenson & Balderas, No. CIV 20-0576 MIS-JFR, Order for Respondent's to Produce Video, filed July 7, 2021 (Doc. 12)("Stephenson Order").

First, it is speculative whether the videotapes exist now. Furthermore, Franklin's concerns about the videotapes are alleviated, because Magistrate Judge Ritter further recommends that, "[i]f the facility fails to hold a new hearing that complies with Wolff[ v. McDonnell], I recommend restoring Franklin's good time credits." PFRD at 7. As explained by Magistrate Judge Ritter in the PFRD, unjustified refusal to produce and review the videotapes violates Wolff v. McDonnell, 418 U.S. at 539. PFRD at 5-7. Last, Magistrate Judge Robbenhaar ordered the production of the

videotapes at his discretion.  See Stephenson Order at 2.  The Court is hesitant to order production here because: (i) Franklin may not be entitled to review personally the videotapes;[3] and (ii) Franklin cites no authority that requires production when the Court already granted relief in the movant's favor.[4]  For the above reasons, the Court overrules this objection.

Franklin next contends that the Court should not remand the case to the facility for a new hearing because it is unlikely to be a fair hearing.  See Petitioner's Objections at 6.  Franklin is concerned because he was punished for "two years in solitary confinement at New Mexico's supermax" and, he says, the facility has a history of refusing to review videotapes.  Petitioner's Objections at 6-7.  Franklin acknowledges that granting restoration of good time rather than requiring a proper hearing is an exceptional remedy, and that it is "only appropriate if [the Court] can be persuaded the [Respondents] will not provide a fair hearing."  Petitioner's Objections at 6 (citing Lopez v. LeMaster, 2002-NMSC-003,133 N.M. 59, 61 P.3d 185).  In the current case, the facility initially recommended the dismissal of the disciplinary proceeding, even though the Warden later disapproved it.  See Petition at 21.  When the disciplinary hearing took place, the facility reviewed physical evidence, allowed various motions, and listened to three prison officials' testimony.  See generally Petition.  Other than not reviewing videotapes, which the Court cures above, Franklin has not established exceptional circumstances justifying an exceptional remedy.

---

[3]An inmate does not always have a right personally to review videotapes; the facility may, in certain circumstances, provide a summary of the videotapes in lieu of access.  See Crosby v. Fox, 757 F. App'x 673, 677-78 (10th Cir. 2018); Bogue v. Vaughn, 439 F. App'x 700, 705-07 (10th Cir. 2011).

[4]For example, in 28 U.S.C. § 2254 cases, if the record precludes habeas relief, a district court is not required to hold an evidentiary hearing.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Additionally, Franklin did not present his argument for a direct award of good time for Magistrate Judge Ritter's consideration before objections. See generally PFRD. Issues raised for the first time in objections, rather than before the Magistrate Judge, are deemed waived. Marshall v. Chater, 75 F.3d at 1426. Therefore, the Court overrules the objection that the Court should not remand the case to the facility.

**II.     THE COURT OVERRULES RESPONDENTS' OBJECTION.**

The Respondents timely objected on May 31, 2022. See Respondents' Objection. The Respondents argue that Magistrate Judge Ritter should review the Petition under the 28 U.S.C. § 2254(d) deferential standard instead of de novo. See Respondents' Objection at 3-4. Franklin originally filed a § 2254 petition, but in the Order to Answer, filed July 6, 2020 (Doc. 12)("Order to Answer"), the Court determined that the petition "should be construed under 28 U.S.C. § 2241." Order to Answer at 1. See Petition at 1. The Respondents acknowledge that "review of § 2241 claims is de novo," but argue that the Court still should accord deference to the state court's determination.[5] See Respondents' Answer to Bryce Franklin's Pro Se Petition for Writ of Habeas Corpus [Doc. 1] at 10, filed August 5, 2020 (Doc. 15)("Answer").

---

[5]There is only one short paragraph in the answer relevant to Respondents' argument on the standard of review. For clarity, it is copied here in full. The Respondents state:
> To obtain habeas corpus relief, a petition must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). While review of § 2241 claims is *de novo*, see, e.g., Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007), this Court "still accord[s] deference to the [state courts'] determination of the federal constitutional issue." Henderson v. Scott, 260 F.3d 1213, 1215 (10th Cir. 2001). The Court similarly defers to the decisions of state correctional authorities, given their expertise in prison management and administration. See Turner v. Safley, 482 U.S. 78, 85 (1987) ("Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.").

In the PFRD, citing an unpublished 2021 Tenth Circuit opinion that relies on a published 2017 Tenth Circuit opinion, Magistrate Judge Ritter followed the binding precedent and determined that de novo review is the appropriate standard of review. See PFRD at 4 (citing Franklin v. Lucero, No. 20-2155, 2021 WL 4595175, (10th Cir. Oct. 6, 2021)). Franklin v. Lucero particularly is relevant, because it involves the same petitioner in a different prison disciplinary proceeding. See Franklin v. Lucero, No. 20-2155, 2021 WL 4595175, (10th Cir. Oct. 6, 2021). The Tenth Circuit explicitly reviewed the relevant procedural history, concluding that Franklin's challenge should be construed under § 2241 and subject to de novo review. See Franklin v. Lucero, No. 20-2155, 2021 WL 4595175, at *2-3 (10th Cir. Oct. 6, 2021).

The Respondents now "recognize the existence of binding authority to the contrary . . . but raise this standard-of-review issue as part of a larger good-faith argument for a change in the law with respect to which the Tenth Circuit currently represents a minority view." Respondents' Objection at 4 n.2. The Respondents do not present an argument for a change in the law, nor did they advance this argument prior to objections. See Answer at 10. Issues raised for the first time in objections, rather than before the Magistrate Judge, are deemed waived. See Marshall v. Chater, 75 F.3d at 1426. Because the Respondents raise this issue for the first time in objections, it is waived.

**III.    THE COURT DENIES THE OTHER MOTIONS.**

Because the Court concludes that Franklin is entitled to a new disciplinary hearing, the Court adopts Magistrate Judge Ritter's recommendations and denies: (i) the Motion for

---

Respondents' Answer to Bryce Franklin's Pro Se Petition for Writ of Habeas Corpus [Doc. 1] at 10, filed August 5, 2020 (Doc. 15).

- 12 -

Evidentiary Hearing I; (ii) the Motion for Evidentiary Hearing II; (iii) the Motion for Appointment of Counsel; (iv) the Motion for Leave to Conduct Discovery; and (v) the Motion to Strike.

In the Motion for Evidentiary Hearing II, Franklin asks the Court, for a second time, to set an evidentiary hearing or, alternatively, grant other relief. See Motion for Evidentiary Hearing II at 2. Because the Court concludes that Franklin is entitled to a new disciplinary hearing, the Court denies this motion as moot.

In the Motion to Strike, Franklin asserts that he "is unaware [of] and respondents fail to cite any rule or authority that permits a response to a part[y's] objections." See Motion to Strike at 1. The Federal Rules of Civil Procedure applicable to Magistrate Judge recommendations provide that "[a] party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). Accordingly, the Respondents were entitled to file an appropriate response, which they did within fourteen days of Franklin's objections. See Fed. R. Civ. P. 72(b)(2). Therefore, the Motion to Strike is denied.

**IT IS ORDERED** that: (i) the Amended Proposed Findings and Recommended Disposition, filed May 10, 2022 (Doc. 37), is adopted; (ii) Petitioner's Objections to the Magistrate Judges [sic] Proposed Findings and Recommended Disposition [Doc. 36], filed May 18, 2022 (Doc. 38), is overruled; (iii) Respondents' Objection to the Magistrate Judge's Amended Proposed Findings and Recommended Disposition, filed May 31, 2022 (Doc. 41), is overruled; (iv) Petitioners [sic] Motion for an Evidentiary Hearing, filed January 14, 2022 (Doc. 24), is denied as moot; (v) Petitioners [sic] Motion for an Evidentiary Hearing, filed January 31, 2022 (Doc. 26), is denied as moot; (vi) Petitioners [sic] Motion for Appointment of Counsel, filed March 11, 2022 (Doc. 30), is denied as moot; (vii) Petitioners [sic] Motion for Leave to Conduct Discovery, filed April 1, 2022 (Doc. 33), is denied as moot; (viii) Petitioners [sic] Motion to Strike Respondents

[sic] Response to Petitioners [sic] Objections from the Record, filed August 5, 2022 (Doc. 44), is denied; (ix) the disciplinary adjudication and sanction is set aside; and (x) this matter is remanded to the facility for a new hearing within ninety days of the entry of this memorandum opinion and order.  Finally, the Court declines to certify this order for appeal.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Bryce Franklin
Las Cruces, New Mexico

    *Petitioner pro se*

Hector H. Balderas
  New Mexico Attorney General
Jane Bernstein
  Assistant Attorney General
New Mexico Attorney General's Office
Albuquerque, New Mexico

    *Attorneys for the Respondents*