## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BRYCE FRANKLIN,**

      **Petitioner,**

**v.**                                                    **No. 1:18-cv-01156 JB/JHR**

**ALISHA LUCERO and**
**HECTOR BALDERAS,**

      **Respondents.**

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION DENYING FRANKLIN'S MOTION TO EXPUNGE [DOC. 58] AND RENEWED MOTION TO EXPUNGE [DOC. 61].</u>

THIS MATTER comes before me upon Franklin's Motion for Court to Order Respondents to Expunge Inmate Misconduct Report from Disciplinary Record [Doc. 58] ("Motion to Expunge") and Petitioner's Renewed Motion to Expunge Inmate Misconduct Report [Doc. 61] ("Renewed Motion to Expunge"). United States District Judge James O. Browning referred this case to me for analysis and a recommended disposition. [Doc. 3]. The Government filed a response in opposition to the First Motion to Expunge, [Doc. 59], and Franklin replied [Doc. 60]. The Government did not respond to the Renewed Motion to Expunge. Having considered the briefing and relevant law, I find that Franklin is not entitled to expungement and thus **RECOMMEND** the Court **DENY** both of Franklin's motions to expunge, [Docs. 58, 61].

## I.      <u>BACKGROUND AND PROCEDURAL HISTORY</u>

This case has a long history and thus I will only recount the general procedural history relevant to these motions. Franklin is serving a life sentence and originally filed a § 2254 Petition for Writ of Habeas Corpus challenging the revocation of ninety (90) days of good time credit after

a disciplinary hearing for the misconduct charge of possession of escape paraphernalia. [Doc. 1]. A previous Amended Proposed Findings and Recommended Disposition recommended finding that the New Mexico Corrections Department violated Franklin's right to due process regarding potentially exculpatory evidence, that the original disciplinary adjudication be set aside and remanded for new hearing, and that good time credits be restored in the event that NMCD failed to hold the new hearing within 90 days after adoption of the recommendations.  [Doc. 37, pp. 9-10]. Judge Browning dismissed the petition after adopting the recommendation. *See* [Docs. 33, 46]. Franklin appealed and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *See* [Docs. 48, 52]. Thereafter, Franklin moved for restoration of good time credits and expungement of the possession of escape paraphernalia disciplinary infraction. *See* [Doc. 53]. The Government notified the Court that the New Mexico Corrections Department ("NMCD") recommended dismissing the disciplinary report and restoring 90 days of good time credit to Franklin in lieu of holding a timely disciplinary hearing. [Docs. 55, 57, 57-1]. This prompted me to deny as moot two motions, including Franklin's first motion for expungement and restoration of good time credits. [Doc. 56].

Franklin thereafter filed his Motion to Expunge. [Doc. 58]. He requests "a copy of the disciplinary decision dismissing Franklin's possession of escape paraphernalia charge and order the report expunged from his institutional file or be provided proof that it has been expunged." *Id.* at 1. He cites an internal NMCD policy. *Id.* The Government explains that the NMCD policy Franklin cites does not apply to his disciplinary report. [Doc. 59, p. 2]. That policy provides that "if an inmate is found *not guilty* of an alleged rule violation, the disciplinary report shall be removed from the inmate's file." *Id.* (internal citation omitted) (emphasis added). The Government points out Franklin was not acquitted of the disciplinary charge. *Id.*  Rather, the disciplinary report

was dismissed and his good time credit restored because the prison did not timely hold a hearing. *Id.* Accordingly, the Government argues, the NMCD policy does not contemplate Franklin's situation and therefore he is not entitled to the report's removal from his file. *Id.*

Regarding expungement, the Government says that expungement is equitable relief which "may be an appropriate remedy for due process violations." *Id.* (internal citations omitted). It states that a court's power to exercise inherent expungement authority is a "narrow one" requiring a court to balance any harm the records' existence causes the petitioner against any utility the records' maintenance affords the respondent. *Id.* The Government thus urges that Franklin "gives the Court no reason to exercise" this equitable authority because the good time credit restoration has "put Mr. Franklin in the position he was in before the facility's due process violations", *e.g.* failure to hold a timely disciplinary hearing. *Id.* The Government asserts "a valid and substantial interest" is maintaining a record of "a report documenting a major-level offense" (possession of escape paraphernalia) even without a guilt or innocence finding. *Id.* On the other hand, the Government asserts, Franklin fails to identify any harm caused by keeping the dismissed report in his file. *Id.* at 2-3.

Franklin's reply alleges that he spoke with a disciplinary official who said that the disciplinary report dismissal was based on evidentiary issues rather than lack of a timely hearing. [Doc. 60, p. 2]. Franklin claims prejudice from the report's effect on his classification level, program eligibility, and parole eligibility. *Id.* at 3.

Franklin filed his Renewed Motion to Expunge shortly after the original to give notice of "additional persuasive case law." [Doc. 61]. He cites a Tenth Circuit case, *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005), along with cases from other circuits in support. *Id.* at 2-3. Franklin also relies on other cases he has filed in federal and state courts. *Id.* at 3. He repeats his concern that

the report on his record affects his classification, job, program, and parole prospects and again requests expungement relief. *Id.* The Government did not file a response to this renewed motion.

## II.   LEGAL STANDARDS

It is well-settled that due process protections in prison are very limited because "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Courts have thus established a high standard for triggering due process protections in prison: "where a disciplinary action does not work a major disruption in a prisoner's environment or inevitably affect the duration of his sentence, the prisoner has not suffered an atypical, significant hardship triggering due process protections." *McKinnon v. U.S. Bureau Of Prisons*, 121 F. App'x 379, 380 (10th Cir. 2005) (citing *Sandin v. Conner,* 515 U.S. 472, 486–87 (1995)). Disciplinary convictions that mandatorily affect time served must be supported by the minimal but important standard of *some* evidence. *Wilson*, 430 F.3d at 1124.

The Tenth Circuit has recognized a liberty interest in a "credit-earning classification" "if the prisoner's demotion [because of a disciplinary action] was *not discretionary* and *did inevitably affect* the duration of his sentence." *Dopp v. Jones*, 562 Fed. App'x 637, 640 (10th Cir. 2014) (internal citation and quotation omitted) (emphasis added). In other words, "an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard,* 80 F.3d 1433, 1444 (10th Cir. 1996) (internal citation and quotation omitted).  Even so, an inmate has no constitutional right to earn good time credits. *Dopp*, 562 Fed. App'x at 640.

### III.   ANALYSIS

I find that Franklin's record of a dismissed disciplinary charge does not inevitably affect the duration of his sentence such that he has a liberty interest at stake. Outside the boundaries of *Dopp*, Franklin does not demonstrate a liberty interest in maintaining an incident-free record. Therefore, I recommend denying his requests for expungement.

Franklin's argument that the report dismissal is tantamount to a not guilty finding misses the mark and does not establish a liberty interest. Franklin disputes the Government's explanation that the disciplinary report was dismissed and set aside because the prison did not hold a timely hearing. [Doc. 58, 60]. He asserts that a disciplinary officer told him that the report was dismissed for evidentiary custody issues. [Doc. 60, p. 2, 3]. Franklin equates this to a merits determination in his favor and therefore believes that the prison must expunge the report. *Id.*  at 2. There are several flaws in Franklin's logic which I will address first.

**A.  Franklin does not show that the disciplinary report poses an atypical, significant hardship triggering due process and warranting expungement.**

First, an acquittal of the disciplinary charge requires a hearing on the merits. Franklin's citation to a hearsay statement does not outweigh the Government's proffer that the dismissal resulted from its failure to hold a timely hearing. Second, a dismissal on procedural grounds, even implicating due process guarantees, has a different constitutional value to an acquittal upon evidence presented. *See Wolff,* 418 U.S. at 556.

Third, and most critically, his prejudice argument does not implicate liberty interest protections. Although it is conceivable that his classification level, program eligibility, and parole chances would suffer if the disciplinary report were not expunged, the actual effect is speculative where an inevitable harm is required to support a liberty interest.  *Dopp*, 562 Fed. App'x at 640. Franklin has not shown that the disciplinary charge imposed a "major disruption" in his

environment nor that it will "inevitably affect the duration of his sentence. *See McKinnon*, 121 F. App'x at 380.

**B.  Tenth Circuit precedent does not support Franklin's requests for expungement.**

The following comparative cases illustrate why Franklin's situation does not warrant expungement relief.

    1.  <u>*Dopp v. Jones*</u>

In *Dopp v. Jones,* the petitioner was convicted of two disciplinary actions, escape and possession of contraband, while serving a sentence of life without parole. *Dopp*, 562 Fed. App'x at 639. In his habeas petition, he argued that he would never have a chance at sentence commutation if the convictions remained on his record and thus claimed that they inevitably affected the duration of his sentence. *Id.* The district court denied relief and the Tenth Circuit affirmed, synthesizing prior case law in its reasoning:

> *Wilson* and *Cardoso* thus indicated that if the prisoner's demotion was not discretionary and did inevitably affect the duration of his sentence, he had a liberty interest in his credit-earning classification level. That is not the case here, where Mr. Dopp has no liberty interest in maintaining an incident-free disciplinary record, so that he might possibly (indeed, entirely speculatively) receive favorable commutation consideration.

*Id* at 640.

In other words, none of the petitioner's liberty interests were infringed because expungement would not inevitably expedite his release from prison and he had no right to earn good time or parole. *Id.* Because the only effect of expungement would be to improve his classification and housing assignment, the court directed that "the relief he seeks would affect only his conditions of confinement" properly addressed in a § 1983 civil action. *Id.*

Franklin's situation is comparable. Like *Dopp*, Franklin raises fears of parole denial which are speculative at this point, especially considering that (unlike *Dopp*) Franklin has no disciplinary

6

*conviction* for possession of escape paraphernalia. Similarly, Franklin's speculative concerns of reclassification and housing are conditions of confinement not the subject of habeas relief. Even assuming Franklin's classification is adversely affected by the charge, none of his liberty interests are infringed since he has no right to parole, no right to an incident-free record, and his expungement would not inevitably shorten his sentence.

      2.   *McKinnon v. U.S. Bureau of Prisons*

In *McKinnon,* the petitioner was found guilty of a disciplinary infraction but sanctions were suspended. 121 Fed. App'x at 380. He sought expungement of the misconduct conviction through a habeas petition, arguing that the conviction was the sole reason for being denied parole and thus it inevitably affected the duration of his sentence. He attached a parole guideline worksheet in support. *Id.* The Tenth Circuit denied expungement because the disciplinary report did not "*inevitably* affect[] the duration of his sentence." *Id.* The court reasoned that the parole board considered a "myriad of factors in its decision," which made "the chance that a finding of misconduct will alter the balance [of the parole decision] [] simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* McKinnon's disciplinary conviction only affected the top of his guideline range and he could explain the reasons for his misconduct record at the parole hearing. *Id.*

In *McKinnon*, the petitioner was not entitled to relief even though actually convicted of a disciplinary infraction and actually denied parole. Franklin does not have a disciplinary conviction and has not been denied parole following the charge. In the event he applies for parole in the future, he presumably will have a chance to explain the charge on his record among other factors the parole board will likely consider. Franklin does not show that his misconduct record will inevitably

affect the duration of his life sentence. Like *McKinnon*, Franklin's claims are far too attenuated from an "atypical, significant hardship" to trigger due process protections.

3.   *Wilson v. Jones*

Franklin relies on *Wilson v. Jones* but that case is also distinguishable. *See* [Doc. 61]. Wilson was convicted in Oklahoma of a serious misconduct charge (a "Class X" conviction) solely based on a form requesting that money from his mandatory savings account be released to pay for post-conviction appeal copies. *Wilson*, 430 F.3d at 1115 (accusing him of obtaining money under false pretenses). Because a Class X conviction triggered "certain *mandatory* sanctions that cannot be suspended" per prison policy, Wilson was mandatorily declassified from class four to a class one level prisoner. *Id.* (internal citation omitted). Wilson was left statutorily ineligible to earn any good time credits as a class one prisoner. *Id.* He had earned 44 monthly good time credits as a class four inmate. *Id.*

In a habeas petition, he argued that automatic reclassification inevitably affected the duration of his sentence. *Id*. at 1116. The Tenth Circuit agreed the mandatory reclassification invoked liberty interests because it *directly* reduced his credit earning class, which inevitably affected the duration of his sentence. *Id.*   The court found dispositive that the misconduct conviction automatically demoted his credit-earning classification without *any* prison discretion over the choice or effect of that sanction:

> In Mr. Wilson's case, the only consideration in his demotion and prevention from promotion was the misconduct convictions. These effects were not the result of prison officials' discretion after they considered a number of factors; rather they occurred solely, automatically, and mandatorily because of the misconduct conviction. This "but for" causation is the kind of "direct result" that *Sandin* requires for a disciplinary action to have an inevitable effect on a sentence.

*Id.* at 1121 (internal citation omitted). Thus, when the misconduct conviction was reversed for lack of evidence, Wilson's record was expunged, and his former earning credit classification restored. *Id.* at 1124.

Franklin's circumstances are markedly different. Unlike *Wilson*, Franklin was not convicted of possession of escape paraphernalia and did not suffer mandatory reclassification without prison official discretion. The opposite happened: NMCD dismissed the charge and *restored* the lost good time credit to Franklin. [Docs. 57, 57-1]. The misconduct charge, now dismissed, is not a but-for cause of disciplinary action which inevitably affects the duration of Franklin's sentence. *Wilson* is therefore inapposite and does not supply Franklin with grounds for relief.

**C.  NMCD regulations do not support expungement.**

NMCD procedures on inmate discipline do not support Franklin's claims. NMCD does not mandate automatic penalties for disciplinary actions. *See* Policy CD-090100, Inmate Discipline, New Mexico Corr. Dep't, revised 5/28/19, https://www.cd.nm.gov/policies/. Instead, the procedures afford NMCD authorities discretion over the placement and degree of sanctions following misconduct convictions. *Id.* at "Procedures" (B) "General Guidelines": [5-3C-4226] (1) (c) ("If an inmate is found *guilty* of a Category 'A' offense [the most serious type], the Hearing Officer *may recommend* to a Deputy Warden or designee imposition of sanctions not to exceed the following . . .") (emphasis added). Because of this discretionary language, Franklin's situation is comparable to *Dopp* where discretionary punishment precluded inevitable impact on petitioner's sentence and defeated expungement. Even had Franklin been convicted of possession of escape paraphernalia, he would not be subject to automatic penalties inevitably affecting his sentence because NMCD regulations allow the discipline hearing officer to recommend or withhold a

9

variety of sanctions. Franklin has "no liberty interest in maintaining an incident-free disciplinary record, so that he might possibly (indeed, entirely speculatively) receive favorable commutation consideration," especially where he avoided a misconduct *conviction* on his record. *See Dopp*, 562 F. App'x at 639.

NMCD regulations do not entitle Franklin to have the original report removed from his file. The regulations provide that "[a] written record shall be made of the [hearing officer's] decision and the supporting reasons and a copy shall be kept in the inmate's file and in the disciplinary archive file." CD-090100, "Policy" (U) [5-3C-4246] However, "[i]f an inmate is found not guilty of an alleged rule violation, the disciplinary report shall be removed from the inmate's file." CD-090100, "Policy" (V) [5-3C-4246].  Finally, "all major misconduct reports, administrative, and inmate disciplinary infraction data shall be entered into the Criminal Management Information System (CMIS) by the local facility disciplinary officer within five (5) working days of delivering to the inmate." CD-090100, "Policy" (Y).

Franklin was not "found not guilty" of the misconduct charge. Therefore, NMCD policy does not require NMCD to remove the disciplinary report from his file. *See* CD-090100, "Policy" (V) [5-3C-4246]. Further, Franklin's charge of possession of escape paraphernalia constitutes a major misconduct offense. CD-090100 "Category 'A' offenses" (A) (13). Thus, NMCD must enter the misconduct report into CMIS. *See* CD-090100, "Policy" (Y). Franklin points to no contrary authority. I find that NMCD is not required to expunge or remove the disciplinary report from Franklin's filed by its own regulations.

## IV.   <u>CONCLUSION & RECOMMENDATION</u>

For the foregoing reasons, I find that Franklin is not entitled to expungement of the disciplinary report and **RECOMMEND** that the Court **DENY** his Motion to Expunge [Doc. 58] and Renewed Motion to Expunge [Doc. 61].


_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE


---

**PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---