IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Petitioner,

vs.                                                                                                    No. CIV 18-1156 JB/JHR

ALISHA LUCERO and HECTOR BALDERAS,

      Respondents.

### MEMORANDUM OPINION AND ORDER DENYING FRANKLIN'S MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Reconsider March 21st [sic], 2024 Order Adopting Proposed Finding [sic] and Leave to File Objections, filed May 3, 2024 (Doc. 66)("Motion"). The Defendants Alisha Lucero and Hector Balderas filed the Response In Opposition to Petitioner's Motion to Reconsider March 21st, 2024 Order Adopting Proposed Findings and Leave to File Objections [Doc. 66][sic], filed May 17, 2024 (Doc. 67)("Response"). The Plaintiff Bryce Franklin filed the Petitioner's Reply In Support of Motion to Reconsider March 21st, 2024 Order, filed June 5, 2024 (Doc. 68)("Reply"). Having considered the briefing, the record, and the relevant law, the Court denies the Motion to Reconsider.

### RELEVANT PROCEDURAL HISTORY

The motion concerns the Court's Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 21, 2024 (Doc. 65)("PFRD Order"). In the PFRD Order, the Court adopts the recommendation of The Honorable Jerry Ritter's, Magistrate Judge for the United States District Court of New Mexico, which denies Franklin's underlying motions requesting expungement. See PFRD Order at 1. On February 28, 2024, the PFRD notifies Franklin that he has fourteen days from the PFRD's service to file

objections requesting review of Judge Ritter's recommendation to deny his motions and that, if Franklin does not object, "no appellate review will be allowed." Proposed Findings and Recommended Disposition Denying Franklin's Motion To Expunge [doc. 58] and Renewed Motion To Expunge [DOC. 61] at 11, filed February 28, 2024 (Doc. 64)("PFRD"). The objections period expired with none being filed:

> The Court did not review the PFRD de novo, because the parties have not objected to it but rather reviewed Judge Ritter's proposed findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines they are not. Accordingly, the Court will adopt Judge Ritter's PFRD.

PFRD Order at 7. The Court thus denied the motions for expungement on March 21, 2024. PFRD Order at 7.

Franklin's two-page motion to reconsider under rule 60(b)(6) states that his "[u]ntimely pleading should still be accepted as timely under unusual circumstances beyond a parties' [sic] control." Motion at 1. He explains the "unusual circumstance" here as being "separated from his legal material for the last two months due to rehousing to restrictive housing." Motion at 2. "Despite daily requests," he continues, "prison officials barely provided Franklin's legal material-- including all pleadings in this case, [until] yesterday." Motion at 2. He requests, therefore, that the Court "reverse its order and grant him leave to file objections" to the PFRD. Motion at 2. Franklin dated the motion "4/23/24." Motion at 2. Franklin also attaches a Letter from New Mexico Corrections Department Deputy General Counsel Brenden J. Murphy, dated March 29, 2024, filed May 3, 2024 (Doc. 66 at 5) stating:

> At the hearing on March 26, 2024, I represented to Judge Wilson that I would inquire about your access to legal materials. I contacted management at Southern New Mexico Corrections Facility within a few minutes after the conclusion of the hearing. If you still do not have access to your materials, please let me know, and I will follow up.

Motion at 5. The Clerk's office received and filed Franklin's motion on May 3, 2024. Motion at 6.

The Defendants oppose Franklin's requested relief on several grounds. See Response at 1. First, the Defendants argue that Franklin's motion fails to include the required declaration attesting to when he "deposited the document with prison officials for mailing." Response at 2. Second, regarding Mr. Murphy's Letter, the Defendants emphasize that "[t]here is no indication that Franklin asked Mr. Murphy to 'follow up.'" Response at 2. Third, the Defendants contend that there are no "extraordinary circumstances" arising from Franklin's alleged separation from his legal material to justify relief under rule 60(b). Response at 2 (citing Gonzales v. Crosby, 545 U.S. 524, 528 (2005)). The Defendants note that the Court previously has declined to find "prison lockdowns; transfers between facilities; [or] lack of access to legal materials" extraordinary circumstances justifying late filings. Response at 3 (citing Castillo v. Att'y Gen. of New Mexico, 325 F. Supp. 3d 1222, 1225-26 (D.N.M. 2018)(Browning, J.). The Defendants urge the same conclusion here, insisting "finality here perpetuates no injustice." Response at 3.

Franklin's Reply repeats his refrain that "prison officials impeded his ability to file timely objections." Reply at 1. He disputes the Defendants' contention that his failure to follow up with Mr. Murphy hurts his argument, posing "how is Franklin supposed to follow up if he has no legal material such as Mr. Murphy's address, phone number, or even writing material." Reply at 1. Franklin says he finally received his legal material on April 22, 2024. See Reply at 1 (citing "April 25, 2024 status hearing discussing Franklin's legal property"). He asserts extraordinary circumstances should be found, because "[t]here is a difference between lack of material and not having any of the paperwork, petition, arguments from the case," and states that the Court must

assess the petitioner's diligence in light of "realities of the prison system." Reply at 2. Franklin thus contends that "adversary conduct and uncontrollable circumstances" in his case amount to extraordinary circumstances to allow him to file objections. Reply at 2.

## LAW REGARDING MOTIONS FOR RECONSIDERATION

Courts may treat motions for reconsideration as a rule 59(e) motion when the movant files within twenty-eight days of a court's entry of judgment. See Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). If the movant files outside that time period, courts should treat the motion as seeking relief from judgment under rule 60(b). Price v. Philpot, 420 F.3d at 1167 n.9. "[A] motion for reconsideration of the district court's judgment, filed within [rule 59's filing deadline], postpones the notice of appeal's effect until the motion is resolved." Jones v. United States, 355 F. App'x 117, 121 (10th Cir. 2009).[1] The time limit in rule 59(e) is now twenty-eight days from the entry of a judgment. See Fed. R. Civ. P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant."

---

[1] Jones v. United States, 355 F. App'x 117, 121 (10th Cir. 2009) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Austin has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011).  Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e).  Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(quoting Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir. 1989)).  In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints.  Phelps, 122 F.3d at 1324.  In contrast, under rule 60(b):

> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 59 and rule 60 motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Grounds warranting a motion to reconsider

include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d at 1012. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d at 1012. A district court has considerable discretion in ruling on a motion to reconsider. See Phelps, 122 F.3d at 1324.

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991). "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." 12 James Wm. Moore, Moore's Federal Practice, Civil § 60.48[2], at 60-182 (3d ed. 2013). Accord Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive."). "The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' Klapprott v. United States, 335 U.S. 601, 614-615 (1949), while also cautioning that it should only be applied in 'extraordinary circumstances.' Ackermann v. United States, 340 U.S. 193 (1950)." Liljeberg, 486 U.S. at 863-64.

Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief. See Ackermann v. United States, 340 U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence. Subsection 6 of rule 60(b) has no application to the

situation of petitioner."). As the Tenth Circuit discusses in Van Skiver v. United States, legal error that provides a basis for relief under rule 60(b)(6) must be extraordinary:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by [Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)(en banc)]. In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs. . . were injured." Pierce v. Cook & Co., 518 F.2d at 723. However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6). Collins v. City of Wichita, 254 F.2d 837, 839 (10th Cir. 1958).

Van Skiver, 952 F.2d at 1244-45.

## **ANALYSIS**

Rule 60(b) applies here, because Franklin filed his motion to reconsider more than twenty-eight days after the Court's PFRD Order. The Court concludes that Franklin's Motion does not assert sufficient grounds for relief under rule 60(b). While the Court sees no reason to doubt Franklin's representation that, for reasons outside his control, he did not possess all of his legal materials such that he felt ready and equipped to file objections, that obstacle still fails to "demonstrate exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief." Ballard v. Geo Grp., Inc., No. CIV 10-0886, 2013 WL 12149189 at *5-6 (D.N.M. June 11, 2013)(Herrera, J.)(citing Van Skiver, 952 F.2d at 1243-44). Franklin contends that his inability to control access to legal materials warrants reconsideration. Lack of control itself, however, is an insufficient reason to reconsider without an underlying substantive basis (such as new evidence or change in law).

Franklin does not assert a change in controlling law, nor new, previously unavailable evidence, nor the need to correct clear error or prevent manifest injustice. Nor does he say that the Court misapprehended his position, the facts, or controlling law. Franklin also does not show that

rule 60(b)(6)'s catch-all provision contemplates a litigant's level of preparedness to challenge an adverse ruling. See <u>United States v. Eccleston</u>, CIV 19-1201, 2020 WL 6392821 (D.N.M. Nov. 2, 2020)(Browning, J.)(cautioning that rule 60(b)(6) powers are intended to remedy egregious cases and so should be exercised only in extraordinary circumstances). Franklin's delayed access to his legal materials, because of restrictive housing, is a consequence of prison life, but does not support relief under the applicable rule.

The Court will not allow Franklin additional time to relitigate improperly issues that the Court's PFRD Order and the PFRD already adjudicate. Finality would be no injustice here, as the Court has reviewed already the PFRD and found patent no error in its analysis. See <u>Segura v. Workman</u>, 351 F. App'x 296, 299 (10th Cir. 2009)(endorsing consideration of a claim's underlying merit when deciding if excusable neglect should allow a prisoner's late filings). The Court, therefore, declines to exercise its equitable power to reconsider the PFRD Order.

**IT IS ORDERED** that the Plaintiff's Motion to Reconsider March 21st [sic] 2024 Order Adopting Proposed Finding [sic] and Leave to File Objections, filed May 3, 2024 (Doc. 66), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Bryce Franklin
Las Cruces, New Mexico

    *Plaintiff pro se*

Raúl Torrez
  Attorney General

- 9 -

Jane Bernstein
  Assistant Attorney General
New Mexico Department of Justice
Albuquerque, New Mexico

    *Attorneys for the Defendants*